## UNITED STATES v. RODENBOUGH.

(District Court, E. D. Pennsylvania. June 30, 1926.)

No. 11898.

Internal revenue ⬤⟞28(2)—Statement of claim in government's action for deficiency in estate tax held subject to demurrer, for averring merely what others had found, instead of how much of assets had within five years measured a like tax (Revenue Act 1924, § 308[b], being Comp. St. § 6336⅘h).

Statement of claim in action by government, under Revenue Act 1924, § 308(b), being Comp. St. § 6336⅘h, for excess of deficiency in estate tax determined by Commissioner over that determined by Board of Tax Appeals on appeal by executor, *held* subject to demurrer; the real controversy being over how much and what of assets of estate had already within five years measured a like tax, and the statement of claim not averring the amount thereof, that had so measured a tax, but merely that defendant's return for tax stated the deduction on this account as one sum; that Commissioner found the proper deduction to be another sum, and the Board found a still different sum.

At Law. Action of assumpsit by the United States against Elmer E. Rodenbough, executor of Elizabeth Rodenbough, deceased. Sur statutory demurrer. Demurrer sustained.

George W. Coles, U. S. Atty., of Philadelphia, Pa.

Porter, Foulkrod & McCullagh, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. It is regrettable that this case has taken the course it has. A question of law is raised, which will take more time and space to dispose of than it is worth. The question formally raised is whether the statement of claim sets forth a cause of action.

The theory of the claim is that a tax of $111,852.58 is properly assessable against the estate of which the defendant is the executor. The claim is based primarily upon a return which gave the gross value of the estate as $3,227,123.60 and the net value $237,719.59.

This return of a gross value is averred to have been increased by the Commissioner to $3,240,543.98. It is not clear from the statement of claim just how the figures were reached, but it is averred that a total deduction of $2,989,404.01 was claimed from the gross value returned, $2,874,917.35 of which is averred to have been claimed because of a former tax payment, which claimed deduction was reduced by the Commissioner to the sum of $1,482,046.60, and the total deductions to $1,596,533.26. The net result of the changes made was to increase the measure of the tax from $237,719.59 to $1,644,010.72, and the tax assessable from $5,131.59 to $118,781.29, and a tax was accordingly so assessed. From this assessment an appeal was duly made to the United States Board of Tax Appeals, which reduced the additional tax assessable to $1,797.12.

This action was thereupon brought and is based upon section 308 (b) of the Revenue Act of 1924 (Comp. St. § 6336⅘h), and is averred to have been brought "for the collection of that part of the amount determined by the Commissioner as a deficiency, which part was disallowed by the United States Board of Tax Appeals," etc.

The real controversy would thus seem to be over how much and what of the assets of the estate had already within five years measured a like tax. It will be observed that this is a question of fact. The only reference to this subject in the statement of claim is that the defendant's return stated the deduction on this account at one sum; the Commissioner found the proper deduction in his judgment to be another sum; and the Board of Tax Appeals found a still different sum. There is no averment of how much and what part of the assets of the defendant estate had in fact before measured a tax, beyond the assumed inference that the sum was in fact what the Commissioner had found it to be. There is a difference, as well as a distinction, between the averment of a fact and the averment of what some one had found the fact to be. The statement of claim studiously and with care limits itself to the latter averment.

The cause of action meant to be stated was one really based upon two fact averments: (1) That the Commissioner had assessed a tax at a sum; and (2) that this sum had been reduced on appeal by the Board of Tax Appeals, with an incidental reference to the deduction above mentioned on account of the previous payment of a like tax. To this statement a demurrer has been interposed. It is not clear whether the parties are seeking to raise a question of law for a ruling, or

whether they are merely sparring for position. If the former is the purpose, the question of law suggested cannot be ruled, because none is raised. The fact averment upon which it rests is a defensive averment, the expected place of which is an affidavit of defense. The fact would then be accepted as averred, and the question of law would be whether it constituted a defense. The fact might, of course, be anticipated by being incorporated in the statement of claim.

Every question of law arises out of a fact situation, and if there be no state of facts there can be no question of law. Here there is no fact which can be judicially found to exist, and not even a real fact averment, other than the fact that three different averments of fact had come from three different sources. In consequence, no question of law can arise, other than the question of whether the statement of claim discloses a cause of action. It may be here observed that, if the statement of claim had averred the net sum of the assets of the defendant estate, an affidavit of defense could have been filed, stating any other or different sum, thus raising an issue of fact. If the statement had been limited to an averment of a tax assessment by the Commissioner, the defendant might have raised the question of jurisdiction, or interposed a fact averment defense that the assessment had been reduced on appeal, thus raising the question of law of whether this constituted a defense. To the statement as filed no affidavit of defense could be filed in denial of either of the averments of fact made, as neither could be denied. The defendant is thus driven to its present demurrer, or to file an affidavit of defense averring the former tax payment.

This mode of pleading is the sparring for position to which we have referred. The controversy is really over the question of the burden of proof, or, what is the same thing differently expressed, of what constitutes a prima facie case. The levy of a tax and its assessment by constituted authority would, we think, undoubtedly constitute a prima facie liability. This proceeding is unique. The real question is the ascertainment of the sum of a proper assessment. The primary mode of determining it is the assessment made by the collector. From this an appeal is given to the Board of Appeals. This must mean that the power of revision is given to the Board, and that its determination fixes the assessment. If this were not so, the appeal to the Board would be a nullity, unless, based upon the finding of the Board, a right of appeal to the courts was given to the tax-

payer. Instead of this it is given to the tax authorities.

To hold, as we are asked to do, that the levy of the tax by the Commissioner is conclusive of the liability of the taxpayer, would be to render the act of Congress wholly nugatory. The function of the court must be to determine the proper assessment. The mode of procedure is not prescribed by the act of Congress. An action in assumpsit is as good a mode as any. The finding to be made must, however, be based upon the facts upon which the liability to tax rests, and not upon the other fact that the Commissioner has levied a tax. In the latter case, if that were all, the courts would have no jurisdiction. The taxpayer's sole remedy would be to pay the tax, demand its return, and on refusal bring his action. The tax authorities need to do nothing other than defend to the action. It is only in the case of an appeal to the Board by the taxpayer, and an appeal to the courts by the tax authorities, that the courts can function.

There are two views which may be taken of the procedure here followed, and of the course of the trial, and it is of no practical importance which is taken. One is that the proper procedure is to recite the return (as has been done), the assessment of the tax by the Commissioner (as has likewise been done), and the appeal to and assessment by the Board of Appeals (as has been further done). This is for the purpose of showing jurisdiction in the court, and might be followed by fact averments of what the assets of the estate are, by which the tax is measured and the sum of the tax claimed upon this measurement. These fact averments have not been formally made. The defendant could then file an affidavit of defense, setting up further deductions claimed. This is one method. The other is for the defendant to treat the findings of the Commissioner as an averment of the facts found, and file the same affidavit of defense as above suggested. We would require the defendant to take this latter course, except for the circumstance (before noted) that there is in strictness no fact averment made in the statement of claim which defendant can deny, and hence (again in strictness) no tender by plaintiff of the issue of fact upon which, as we assume, the decision of the cause will turn.

The point made by defendant is scarcely worth making, but, as it has been made, we sustain it. By analogy to the Pennsylvania Practice Act of 1915 (Pa. St. 1920, § 17181 et seq.), the questions of law raised by defendant are sustained, with leave to plaintiff to amend its statement of claim as suggested. If no amendment be filed within 30 days, defendant may move for judgment, or for the further order of the court.